**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ROBERT OLSZEWSKI, individual; et al., | No. 09-17489 |
| Plaintiffs - Appellants, | D.C. No. 5:08-cv-03657-HRL |
| v. | |
| SYMYX TECHNOLOGIES INC. and ELSEVIER, INC., corporations, | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Howard R. Lloyd, Magistrate Judge, Presiding

Argued and Submitted December 8, 2010
San Francisco, California

Before: HUG, D.W. NELSON, and McKEOWN, Circuit Judges.

Robert Olszewski and plaintiffs ("Olszewski plaintiffs") appeal the district

court's dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6) of their

claims for severance benefits under ERISA. We have jurisdiction under 28 U.S.C.

§ 1291. We affirm.

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

The Olszewski plaintiffs were longtime employees of MDL Information Systems, Inc. ("MDL"), a subsidiary of Elsevier, Inc. ("Elsevier"). As MDL employees, they were eligible for severance benefits from Elsevier as provided in Elsevier's "U.S. Policies Handbook." The Elsevier employee welfare benefit plan ("Elsevier Plan") contained a discretionary set of guidelines for the award of severance benefits and conferred discretion on Elsevier to rescind or change its policies and procedures at its absolute discretion. In 2007, Elsevier entered an agreement to sell MDL to Symyx Technologies ("Symyx"). At the close of the sale, all Elsevier employees would cease benefit coverage under the Elsevier Plan and would commence eligibility under Symyx's employee welfare benefit plan ("Symyx Plan"). The severance benefits under the Symyx Plan were less generous than those under the Elsevier Plan. Symyx terminated the Olszewski plaintiffs shortly after the corporate sale.

The Olszewski plaintiffs brought suit against Elsevier under ERISA § 502(a)(1)(B) [29 U.S.C. § 1132(a)(1)(B)] for severance benefits under the Elsevier Plan. They also brought a claim against Elsevier and Symyx under ERISA § 510 [29 U.S.C. § 1140] for interference with protected rights, claiming that Elsevier and Symyx conspired to deprive the Olszewski plaintiffs of their severance benefits under the Elsevier Plan.

We review the district court's dismissal for failure to state a claim de novo, taking all allegations of material fact as true and construing them in the light most favorable to plaintiffs. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). We may affirm on any grounds supported by the record. *Tahoe-Sierra Pres. Council v. Tahoe Reg'l Planning Agency*, 322 F.3d 1064, 1076-77 (9th Cir. 2003).

The district court did not err in its dismissal of the Olszewski plaintiffs' claim under ERISA § 502(a)(1)(B) against Elsevier. The severance benefit policy at issue in the Elsevier Plan was entirely discretionary and allowed the employer to grant severance benefits on a case-by-case basis or to modify or rescind the policy entirely, at any time, for whatever reason, without the consent of or prior notice to employees. Pursuant to the corporate sale agreement (contained in the pleadings), severance benefits under the Elsevier Plan were adopted and modified on the date of the corporate sale to Symyx. Given Elsevier's absolute discretion, the concurrent adoption and modification of the severance benefits in the course of the sale was not improper. While such events certainly do not inure to the benefit of the Olszewski plaintiffs, it does not fall outside of Elsevier's discretion to amend its own employee welfare benefits. In short, the Elsevier Plan severance benefits to which the Olszewski plaintiffs claim entitlement are simply no longer available,

3

having been modified in the course of the corporate sale.  *See Curtiss-Wright Corp. v. Schoonejongen*, 514 U.S. 73, 78 (1995) (no cognizable claim arose against company with freedom to adopt, modify, or terminate its welfare benefits plan for any reason and at any time for amending its plan to deprive employees of post-retirement health care coverage unless it did so in an impermissible manner).  Moreover, with respect to the modified severance benefits under the Symyx Plan, the Olszewski plaintiffs do not allege that Symyx has refused payment.  Thus, they have not alleged the loss of any benefit to which they are entitled and do not allege a cognizable claim under ERISA § 502(a)(1)(B).

The Olszewski plaintiffs' second claim under ERISA § 510 for interference with protected rights also fails.  As discussed above, the Olszewski plaintiffs have not averred any protected right to severance benefits under the Elsevier Plan; therefore, any claim of interference with that right necessarily fails.

**AFFIRMED.**